IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 15, 2001 Session

## SAM MIRABELLA, ET AL. v. STATE OF TENNESSEE, ET AL.

**Appeal from the Tennessee Claims Commission**
**No. 301901     Thomas G. Stovall , Claims Commissioner, by Designation**

**FILED FEBRUARY 5, 2002**

**No. E2001-00960-COA-R3-CV**

---

This is a suit by Sam Mirabella and his son Charles Mirabella and their wives, seeking damages against the State of Tennessee and the University of Tennessee for damages incurred as a result of the unlawful arrest of both Mr. Mirabellas and negligence resulting in injury to Sam Mirabella. The Trial Court found it did not have jurisdiction to hear the unlawful arrest claim and awarded damages for the injury to Sam Mirabella in the amount of $4528 and to his wife in the amount of $800. As to Sam Mirabella we modify the judgment to increase the award to the sum of $11,528 and as to his wife $1800.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Claims Commissioner Affirmed as Modified; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Billy J. Stokes, Knoxville, Tennessee, for the Appellants Sam Mirabella, Marie Mirabella, Charles Mirabelle and Joanne Mirabella

Ronald C. Leadbetter, Associate General Counsel, The University of Tennessee, Knoxville, Tennessee, for the State of Tennessee and The University of Tennessee

**OPINION**

This is a suit by Sam Mirabella and his wife Marie Mirabella, his son Charles Mirabella and Charles's wife Joanne Mirabella against the State of Tennessee and the University of Tennessee. The claim was initially filed with the Division of Claims Administration and thereafter transferred by it to the Claims Commission pursuant to T.C.A. 9-8-402(c).

The Commissioner dismissed the claims of Charles and Joanne Mirabella, finding as to Charles that the Commission did not have jurisdiction to entertain a claim for unlawful arrest, and as to his wife because of his dismissal of the husband's claim.

Although the Commissioner also dismissed the claim of Sam Mirabella for unlawful arrest, he did find that the police officer involved was negligent, and proceeded to award Sam Mirabella a judgment in the amount of $4528 and his wife Marie $800 for lost wages while her husband was convalescing.

The Mirabellas appeal contending that the Court was in error in not entertaining their claim for unlawful arrest and that the damages awarded to Sam and Marie Mirabella were inadequate. However, that record comes to us with a presumption that the trial court's factual findings are correct. Tenn.R.App.P. 13(d). We must honor that presumption unless we find that the evidence preponderates against the trial court's factual findings. Union Carbide Corp. v. Huddleston, 854 S.W.2d 87, 91 (Tenn. 1993). The trial court's conclusions of law, however, are not accorded the same deference. Campbell v. Florida Steel Corp., 919 S.W.2d 26, 35 (Tenn. 1996).

The Commissioner made findings of fact which we attach as an Appendix. We have reviewed the record and conclude the evidence does not preponderate against the Trial Court's factual findings.

As to the claims for unlawful arrest of both the father and the son, we find the Trial Court acted properly in dismissing them because they are not set out in T.C.A. 9-8-307, which enumerates acts over which the Claims Commission has jurisdiction.

As noted in the findings of fact, Sam Mirabella broke his right ankle as a result of the altercation, underwent therapy, had to stay at home "close to a month," and use a walker.

Although he testified that his injury was "fairly well healed," he does experience nightmares where he is engaged in combat with another person which he attributes to the confrontation with the University of Tennessee Police Officer. As a result he and his wife sleep in separate bedrooms.

Our review of the damages sustained by Sam and Marie Mirabella persuades us that the evidence preponderates against the amount awarded by the Claims Commissioner, which was only $3000 more than Mr. Mirabella's medical expenses, and as to Mrs. Mirabella was the amount of her lost wages.

We conclude that an appropriate award as to Mr. Mirabella would be $11,528 and as to Mrs. Mirabella $1800.

Before concluding, we observe that the initial claim was filed by a letter dated September 16, 1993, and received on September 17, 1993. It, as already noted, was subsequently transferred to the Claims Commission by notice which was received on December 14, 1993.

On September 22, 1998, an order was entered by the Claims Commissioner requesting a status report "regarding readiness of claim for hearing," to which counsel for the University of Tennessee filed a response on October 16, 1998, affirming that, among other things, all discovery had been completed and the case was ready for trial.

On September 28, 1999, almost one year later, the Claims Commissioner transferred the case to the Administrative Procedure Division of the Office of the Secretary of State for hearing by an Administrative Law Judge. The reason stated in the order of transfer was "to expedite a disposition of the claim."

The case was ultimately heard on September 7, 2000, and the order disposing of the claim was filed on January 24, 2001.

While there may have been a good reason for such a lengthy delay between the filing of the claim with the Claims Commission on September 17, 1993, and the transfer by the Claims Commissioner on October 1, 1999, we do not find any justification in the record. Such a lengthy delay is not only unacceptable and outrageous, but undermines confidence in the Judicial System of this State. Litigants are entitled to have their controversies promptly heard and resolved. It is the hope of this Court that such a delay as occurred in this case will not be repeated.

For the foregoing reasons the judgment of the Trial Court as modified is affirmed and the cause remanded for collection of the judgment rendered herein and collection of costs below which are, as are costs of appeal, adjudged one-half against Charles and Joanne Mirabella and one-half against the State of Tennessee and the University of Tennessee.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE